UNION COUNTY U-DRIVE IT, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. RALPH BLOMELEY AND BLOMELEY ENGINEERING CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 16, 1957—Decided January 6, 1958.

Before Judges Goldmann, Freund and Conford.

*Mr. Wallace P. Berkowitz* argued the cause for plaintiff-appellant (*Messrs. Berkowitz & Lesler,* attorneys).

*Mr. Baruch S. Seidman* argued the cause for defendants-respondents (*Messrs. Burton & Seidman,* attorneys).

The opinion of the court was delivered by

CONFORD, J. A. D. Plaintiff is in the business of renting motor vehicles for hire. It rented a Ford van to the defendants under a standard rental agreement prepared by plaintiff which provided that the "renter" (defendant) agreed to return the vehicle in the same condition as received, ordinary wear and tear excepted, but also, more particularly, that the renter would pay the owner all damages to the vehicle "provided however that renter's liability shall be limited to $100.00 unless vehicle was operated in violation of any of the provisions of this rental agreement." While being driven by an agent of defendants in Connecticut the car was in an accident involving damage to the vehicle to the extent of $2,200. The agent was arrested and tried on a charge of reckless driving in this connection, and, after pleading "not guilty," was convicted and fined $50.

In this action to recover its full loss plaintiff contended the $100 loss limitation provision of the agreement was not applicable because, in violating the traffic laws of Connecticut, defendants by their agent were operating the vehicle "in violation of" a specific provision of the agreement that the renter would not "use it [the vehicle] in violation of any Federal, State, Provincial or Municipal law, ordinance, rule or regulation governing the use or return thereof; * * *." The trial court granted a motion by defendants for summary judgment in favor of plaintiff for a sum not in excess of $100 and entered judgment for plaintiff for $100. The trial court made a distinction between "operation" and "use" of the vehicle and held that the range of prohibited "operation," for purposes of the limitation of liability clause, was spelled out by certain verbiage on the back of the agreement. That language, after reciting that the renter participates in the benefits of an automobile public liability and property damage insurance policy, and stating certain of the conditions and

limitations thereof, then proceeds as follows: "The vehicle described on the reverse side hereof shall not be operated" (a) in violation of the terms of the rental agreement; (b) by persons under age or one giving false name, age or address; (c) "for any illegal purpose, in any race, speed test or contest, to propel or tow any vehicle or trailer or by any person while under the influence of intoxicants or narcotics"; (d) by any person other than the renter [with certain qualifications]. Finding that reckless driving did not come within any of the said prohibited species of "operation" the court held the loss limitation clause inapplicable.

It may be questioned whether the provisions on the back of the agreement should be considered a part of the agreement proper, other than in connection with any question which might arise in relation to a claim by a renter for inclusion within the insurance coverage adverted to, or as to a provision for reimbursement of the insurance company by the renter in case of claims arising out of violation of the conditions on the back of the agreement. Moreover, the distinction drawn between "use" and "operation," is, at best, rather tenuous. See *Cronan v. Travelers Indemnity Co.*, 126 *N. J. L.* 56, 58 (*E. & A.* 1941).

Defendants offer the alternative ground of sustaining the judgment that the use prohibition clause relied upon by plaintiff must, on its face, be deemed referable only to such federal, state, municipal, etc., laws, ordinances, etc. as govern "the use or return" of the vehicle, *i. e.*, which are exclusively concerned with the subject of the use and return of rented vehicles by bailees. *R. S.* 45:21–1 *et seq.*, is cited as an example of a statute of that kind. And see *Annotation*, 7 *A. L. R. 2d* 456 (1949). The argument is colorable but not altogether convincing. The provision is at least ambiguous in respect to the argued construction, and one wonders where one might be expected to find municipal ordinances regulating the bailment of automobiles. We have concluded that the judgment under appeal should be sustained for quite another reason.

 In construing a contract, words and phrases are not to be isolated, but related to the context and the contractual scheme as a whole, giving the meaning that comports with the probable intent and purpose. *Newark Publishers' Association v. Newark Typographical Union,* 22 *N. J.* 419, 426 (1956). The literal sense of the terms used may be qualified by the context. *Ibid.* Our Supreme Court has approved the philosophy that the construction of a written instrument to be adopted "is the one which appears to be in accord with justice and common sense and the probable intention of the parties. It is to be interpreted as a business transaction entered into by practical men to accomplish an honest and straightforward end." *Krosnowski v. Krosnowski,* 22 *N. J.* 376, 387 (1956). Moreover, surrounding circumstances may "fix the sense in which the words were used." *Atlantic Northern Airlines, Inc., v. Schwimmer,* 12 *N. J.* 293, 302 (1953).

 In the present case it is fairly and reasonably to be supposed that the $100 loss limitation of the renter's liability was intended to be applicable within the broad range of the normally expectable and foreseeable use of the vehicle by the renter—in other words, to be the rule rather than the exception. We do not have any present occasion to catalogue the full scope of kinds of use or operation of the vehicle by the renter which would not be in normal contemplation of the parties as permissible and which might arguably be deemed intended to suspend the $100 limitation under any of the verbiage of this agreement. To undertake to do so with an instrument as vague as that before us, outside the context of a specific case, would be speculative and hazardous. It is sufficient for present purposes to consider whether damages to the vehicle sustained in the course of careless or reckless operation of it can reasonably be regarded as having been intended to have the effect indicated. For this purpose we assume conviction of reckless driving to be tantamount to the fact. But see *Thomas v. Devine,* 104 *N. J. L.* 361 (*E. & A.* 1928). Our conclusion is in the negative. The operation of a motor vehicle can

be expected (unfortunately, but, by current experience, inevitably) frequently to involve a variety of more or less technical violations of the traffic laws. The borderline between negligence and reckless driving is not always easy to draw in a particular case. We think the incidence of any of the general category of traffic offenses was a hazard contemplated by the rental agreement and that it was not intended by the parties to the agreement to visit upon the renter a loss of the $100 damage limitation otherwise applicable. At least not under an agreement drawn by the bailor and not more specifically indicative of such intent than the document before us. *Terminal Construction Corp. v. Bergen County, etc., District Authority*, 18 *N. J.* 294, 302 (1955).

Affirmed.